UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-149-KSF

MICHAEL VALENTOUR,                                                                                    PLAINTIFF

**OPINION & ORDER**

GEORGE W. NOE, M.D.                                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, George W. Noe, M.D., for summary judgment on plaintiff's claims under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and plaintiff's pendent state law claim for negligence. [DE # 65] Having been fully briefed, this matter is now ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Valentour was an inmate at the Northpoint Training Center ("NTC") in Burgin, Kentucky from approximately January 1999 until March 2003. During his incarceration, Valentour sought treatment from the medical staff at NTC on many occasions.[1] According to Valentour, he was seen by defendant George W. Noe, M.D., a contract physician at NTC, on March 8, 1999. At that time, Valentour complained of flank pain that he described as "deep," and indicated that he had no history of injury. Valentour was seen again by Dr. Noe on September 17, 2001, with

---

[1] For purposes of this motion, the Court accepts the allegations contained in Valentour's Complaint relating to the timing and scope of his medical treatment as true. [D.E. #1]

complaints of pain in hips. Valentour alleges that Dr. Noe failed to perform or order any diagnostic tests or to provide any medical treatment.

In September 2001, Valentour wrote a letter to defendant Betty Kelsey, the Deputy Warden of Operations for NTC, informing her of his hip pain and requesting assistance. Deputy Warden Kelsey responded in a letter dated September 20, 2001, acknowledging receipt of Valentour's letter and referring him to Dr. Noe. [D.E. #56, Ex. 1] A copy of the letter was provided to defendant James L. Morgan, Warden of NTC, Dr. Noe, and the "institutional file."

On October 5, 2001, Valentour wrote a second letter to Deputy Warden Kelsey, requesting that he be provided with a supplement called Joint Matrix and a calcium supplement for relief of his hip pain. [D.E. #58, Ex. D] Then, by letter dated October 10, 2001, Deputy Warden Kelsey responded that there were no plans to add products like calcium supplements to the canteen, and referred Valentour to Dr. Noe. [D.E. #56, Ex.1] A copy of this letter was provided to Dr. Noe and the "institutional file."

Valentour was again seen by Dr. Noe on January 30, 2002, February 8, 2002, and February 11, 2002, with complaints related to hip pain. He was also seen by a prison nurse on February 9, 2002, February 10, 2002, and February 12, 2002, with complaints related to hip and leg pain.

On August 6, 2002, Valentour was seen by defendant M. Dean, R.N., with complaints of pain in his right hip radiating down the front of his legs and up his back. Dean provided crutches for Valentour, but did not refer him to a prison physician. Valentour was seen by another nurse on November 17, 2002, complaining again of hip pain. Finally, on February 11, 2003, Valentour was seen by a contract prison physician, a successor to Dr. Noe, for complaints of hip pain.

Valentour was released from NTC on March 13, 2003. [D.E. #56, Ex.3] Approximately 20

days later, Valentour was examined by an orthopaedic surgeon in Danville, Kentucky with complaints of severe right hip pain. [D.E. #70 Ex. 1] X-rays were performed and revealed a large area of necrosis in the right hip, and early collapse of the right hip. [2]

Valentour subsequently filed this civil rights action pursuant to 42 U.S.C. §1983 on March 31, 2004, alleging that defendants Noe, Dean, Kelsey and Morgan were deliberately indifferent to his serious medical needs in violation of his constitutional rights. [D.E. #1] Valentour further alleged that defendants Dean and Noe violated the standard of care constituting medical negligence under Kentucky law. On September 8, 2006, this Court entered summary judgment in favor of defendants Dean, Kelsey and Morgan on the grounds that Valentour failed to set forth a viable constitutional claim against these defendants, and thus, they are entitled to qualified immunity on Valentour's § 1983 claims. The Court declined to exercise supplemental jurisdiction over Valentour's state law claims against defendant Dean. [DE #62] This matter remained pending against defendant Dr. Noe.

Dr. Noe subsequently filed his motion for summary judgment on November 11, 2006. [DE # 65] In support of his motion for summary judgment, Dr. Noe asserts two arguments: first, that Valentour's claims are barred by the one-year statute of limitations; and two, that Valentour's allegations fail to state a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [DE # 65] Valentour's response, on the other hand, contends that his action was timely filed because his cause of action did not accrue until his diagnosis of aseptic necrosis on March 31, 2003, and that the records reveal that Dr. Noe was deliberately indifferent to

---

[2]According to Dr. Noe, Valentour underwent a total hip replacement on November 4, 2004 and a core decompression of his left hip on May 5, 2005.

3

his serious medical needs. [DE # 70]

**II.    ANALYSIS**

    **A.    SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id*. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [nonmoving party]. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).

### B.   STATUTE OF LIMITATIONS

Dr. Noe contends that Valentour's § 1983 claim is barred by the statute of limitations because it was not filed until March 31, 2004, while the allegations relate to treatment which occurred over one year earlier, between January 1999 and March 13, 2003. Because Congress did not designate a statute of limitations for claims under § 1983, the Supreme Court has held that federal courts should borrow the applicable state statute of limitations governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *see also Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). The appropriate statute of limitations for personal injury actions arising in Kentucky is one year from the date the cause of action accrues. *Kentucky Rev. Stat. Ann*. § 413.130(1)(a); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Although the federal courts apply the state statute of limitations to § 1983 claims, **when** that claim has accrued is a matter of federal law. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990). In the Sixth Circuit, a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1998); *accord Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). "This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Ruff v. Runyon*, 258 F.3d 498, 501 (6th Cir. 2001), citing *Shannon v. Recording Indus. Ass'n of Amer.*, 661 F.Supp. 205, 210 (S.D.Ohio 1987).

From the facts alleged by Valentour, it is clear that he felt pain in his hips as early as

September 2001. Valentour's own testimony indicates that he was aware of Dr. Noe's alleged inadequate medical care as early as September 2001. [DE # 65 Ex A at pp. 108-110] Moreover, Valentour took specific action in response to the treatment he received from Dr. Noe. His letter to Deputy Warden Kelsey expressed his complaint about the treatment he received and requested intervention. Deputy Warden Kelsey acknowledged receipt of Valentour's letter and referred him to Dr. Noe. Moreover, on October 5, 2001, Valentour again wrote to Deputy Warden Kelsey requesting approval for certain dietary supplements to help relieve his hip pain. On October 10, 2001, Deputy Warden Kelsey notified Valentour in writing that his request was referred to the inmate canteen, and Valentour again was referred to Dr. Noe. Certainly, Valentour had reason to know of the alleged injury - deliberate indifference to his serious medical needs - no later than October 2001.

To the extent that Valentour argues that his claim did not accrue until such time as he was diagnosed with aseptic necrosis on March 31, 2003, the case law does not support his argument. *See Hawkins v. Spitters*, 79 F.Appx. 168 (6th Cir. 2003) (unpublished)(finding that inmate plaintiff's cause of action accrued when his request for treatment of conditions related to sleep apnea was denied, not when he was actually diagnosed with the condition); *Gray v. Dorning*, 202 F.3d 268 (6th Cir. 1999) (unpublished) (finding that the plaintiff's § 1983 cause of action for violation of the plaintiff's Eighth Amendment rights by inadequate medical care accrued when prison officials denied plaintiff his medication); *Hermansen v. Schickel,* 202 F.3d 268 (6th Cir.1999) (unpublished) (finding that the § 1983 cause of action for inadequate medical care accrued at the time plaintiff was denied medical care for a broken bone, or at the latest when plaintiff was transferred to another jail). Accordingly, the Court finds that Valentour's § 1983 claims against Dr. Noe are time-barred;

therefore, summary judgment will be entered in favor of Dr. Noe on Valentour's § 1983 claims.

### C. STATE LAW CLAIMS

This court declines to exercise supplemental jurisdiction over Valentour's state law claims against Dr. Noe. Courts have held that once a federal court has dismissed a plaintiff's federal law claims, the court usually should not reach the plaintiff's state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987). Following the principles articulated by the Sixth Circuit in *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996), the Court finds that its interest of avoiding the unnecessary resolution of state law issues outweighs the interests of judicial economy and the avoidance of multiplicity of litigation. Accordingly, Valentour's state law claims against Dr. Noe will be dismissed without prejudice.

### III. CONCLUSION

(1) the defendant's motion for summary judgment [DE # 65] is GRANTED, and the plaintiff's federal claims are DISMISSED WITH PREJUDICE and the plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE;

(2) the pretrial conference of February 15, 2007 and the trial of March 20, 2007, are SET ASIDE;

(3) judgment in favor of all the defendants will be entered contemporaneously with this Opinion & Order; and

(4) this matter is DISMISSED and STRICKEN from the active docket.

This January 12, 2007.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**